PENNSYLVANIA LIQUOR CONTROL
BOARD, Respondent,

v.

CAN, INC., Petitioner.

Supreme Court of Pennsylvania.

Feb. 27, 1996.

***ORDER***

PER CURIAM:

AND NOW this 27th day of February, 1996, the Petition for Allowance of Appeal is GRANTED ONLY as to the issue of what is the appropriate scope of review for a trial court from a decision by the Liquor Control Board not to renew a licensee's liquor license pursuant to Section 464 of the Liquor Code, 47 P.S. § 4–464.

NEWMAN, J., did not participate in the consideration or decision of this matter.

■

COMMONWEALTH of Pennsylvania,
Respondent,

v.

David COMER, Petitioner.

Supreme Court of Pennsylvania.

Feb. 28, 1996.

***ORDER***

PER CURIAM.

AND NOW, this 28th day of February, 1996, the Petition for Allowance of Appeal is GRANTED, limited to Issues II, III, IV, and V as stated in the Petition:

II. Whether the Court below incorrectly concluded that the conviction of Involuntary Manslaughter was based on insufficient evidence?

III. Whether the Court below incorrectly concluded that the conviction for Aggravated Assault was based on insufficient evidence or contrary to law?

IV. Whether the Court below incorrectly concluded that Petitioner made a knowing and intelligent waiver of his right to a jury trial under Pa.R.Crim.P. Rule 1101?

V. Whether the Court below incorrectly concluded that Petitioner did not receive multiple punishments for violations of the same offense at one trial in violation of the Double Jeopardy clauses of both the United States and Pennsylvania Constitutions?